## KRUEGER v. ACME FRUIT CO.

### No. 7364.

Circuit Court of Appeals, Fifth Circuit.

Jan. 25, 1935.

T. T. Oughterson, of Stuart, Fla., for appellant.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

Annie S. Krueger sued the Acme Fruit Company to recover judgment upon a reparation order made by the Secretary of Agriculture pursuant to provisions of the Perishable Agricultural Commodities Act of 1930, 7 USCA, c. 24, § 551 et seq. She attached a copy of, and made a part of her petition, the order of the Secretary finding that the defendant was a dealer within the meaning of the act; that both parties had waived formal hearing; that in 1928 they had entered into a written contract for the sale and purchase for five years of the oranges and grape fruit grown on the plaintiff's grove in Florida "at the sum of $1 per field crate upon the trees"; that the defendant had failed to pay for 1,233 crates, and therefore owed the plaintiff $1,233, with interest; that the contract price had not been reduced by subsequent oral agreement, as contended by the defendant; that the parties contemplated that the fruit would be shipped to points in other states; and that it was actually shipped to New York City. A copy of the written contract, also attached to the petition, bears out the Secretary's findings as to the sale of the fruit and as to the purchase price. It appears from the petition that both plaintiff and defendant are citizens of Florida.

The District Judge, being of opinion that the cause of action sued on did not arise in a transaction in interstate commerce, dismissed the petition on demurrer for want of jurisdiction. The plaintiff appeals.

The act contains the following provisions: A dealer is defined to be a person en-

gaged in the business of buying or selling in carload lots any perishable agricultural commodity in interstate or foreign commerce, but no producer is to be considered as a dealer "in respect of sales of any such commodity of his own raising." 7 USCA § 551 (6). A transaction is to be considered in interstate commerce if the commodity dealt with "is part of that current of commerce usual in the trade" and is sent from one state with the expectation that it will end its transit after purchase in another state. Section 551 (8). It is made unlawful for a dealer to fail or to refuse to account promptly to a person with whom any such transaction is had. Section 552 (4). The dealer is also liable to the person injured in damages; and such liability may be enforced either by complaint to the Secretary, or by suit in any court of competent jurisdiction; the remedy by complaint being in addition to, and not in abridgment of, other remedies existing at common law or by statute. Section 555. Upon complaint to him of any violation, the Secretary is authorized, after hearing had upon due notice to the parties interested, to enter a reparation order directing the dealer to pay the amount of damages sustained by the injured person. If the dealer fail to comply with such an order, the person for whose benefit it was made may file in the federal District Court a petition setting forth his claim for damages, and the Secretary's order. The suit is to proceed like other civil suits for damages, except that the findings and orders of the Secretary are made prima facie evidence of the facts therein stated. 7 USCA §§ 556, 557. The act does not purport to provide an exclusive remedy for producers who sell only the agricultural commodities they raise. On the contrary, it leaves them free to sue in any court, state or federal, of competent jurisdiction; it merely gives them the right, regardless of the amount in controversy or of the lack of diversity of citizenship, to pursue an additional remedy by securing a reparation order entered by the Secretary of Agriculture, after investigation and hearing of the parties interested, upon complaints of injury or damage, and by then using such reparation order as prima facie evidence in suits in court. It does, however, assume jurisdiction over a dealer while he is engaged in buying agricultural commodities in interstate commerce; and that it may do so under the commerce clause of the Federal Constitution we entertain no doubt (Const. art. 1, § 8, cl. 3). There is nothing unusual in the administrative remedy provided, or in making the Secretary's reparation orders prima facie evidence of the facts as found by him. The plaintiff availed herself of the right to pursue the remedy provided by the act; and the defendant cannot complain if in fact, as to the transaction involved, it was engaged in interstate commerce. It was open to the defendant to overcome the prima facie effect of the Secretary's order and to show that it sold the fruit which it bought from plaintiff within the state of Florida, and thus defeat the action. As the case stands as made by the petition, the defendant bought plaintiff's fruit for sale and sold it in interstate commerce. The purchase of a commodity for shipment from one state to another is as much a part of interstate commerce as the transportation or sale at destination. Swift & Co. v. United States, 196 U. S. 375, 398, 25 S. Ct. 276, 49 L. Ed. 518; Dahnke-Walker Milling Co. v. Bondurant, 257 U. S. 282, 290, 42 S. Ct. 106, 66 L. Ed. 239; Lemke v. Farmers' Grain Co., 258 U. S. 50, 54, 42 S. Ct. 244, 66 L. Ed. 458; Stafford v. Wallace, 258 U. S. 495, 519, 42 S. Ct. 397, 66 L. Ed. 735, 23 A. L. R. 229; Shafer v. Farmers' Grain Co., 268 U. S. 189, 198, 45 S. Ct. 481, 69 L. Ed. 909; Foster-Fountain Packing Co. v. Haydel, 278 U. S. 1, 10, 49 S. Ct. 1, 73 L. Ed. 147. Our conclusion is that it was error to sustain the demurrer and dismiss plaintiff's petition.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.